IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELINDA KEENAN and CATHERINE LIEB,

        Plaintiffs,                          No. CIV S-10-3473 KJM-KJN

   vs.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

        Defendant.                          ORDER

_____/

        This matter comes before the court upon defendant's motion to dismiss. (ECF 11.) The hearing on this motion took place on September 14, 2011; Douglas Watts appeared for plaintiffs and Lynn Ernce appeared for defendant. For the following reasons, defendant's motion is GRANTED.

I. PROCEDURAL HISTORY

        Plaintiffs brought their original complaint on December 28, 2010 (ECF 1) and their amended complaint ("AC") on May 13, 2011. (ECF 8.) They allege four causes of action: 1) unlawful discrimination in violation of Title VII, 42 U.S.C. § 2000e, et seq.; 2) retaliation in

/////

/////

1

violation of Title VII; 3) violations of the Federal Equal Pay Act, 29 U.S.C. § 206, et seq.;[1] and 4) on behalf of plaintiff Lieb only, violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.

Defendant filed the present motion to dismiss in lieu of an answer on June 10, 2011. (ECF 11.) Plaintiffs filed their opposition on June 28, 2011. (ECF 13.) Defendant filed his reply on July 6, 2011. (ECF 14.)

II. FACTS

Melinda Keenan was employed with the United States Department of Veterans Affairs ("VA") at the VA's Mather facility; she worked as a staff psychologist and post-traumatic stress disorder ("PTSD") program coordinator from February 2001 to 2010. (AC ¶ 1.) She is currently employed as a psychologist at the VA's Citrus Heights facility. (*Id*.) Catherine Lieb has been employed as a licensed clinical social worker at the VA's Mather facility since January 2008. (*Id*. ¶ 2.) In June 2008, Lieb was assigned to be the general health team leader. (*Id*. ¶ 19.) Since October 25, 2009, Lieb has been a social worker on Mather's PTSD team. (*Id*. ¶ 21.) Keenan, Lieb and another individual were nominated to form a steering committee for the Mather facility in mid-2008. (*Id*. ¶ 20.)

Maga Jackson-Triche, M.D., was at all relevant times the associate chief of staff for mental health services and Keenan's direct supervisor. (AC ¶ 13.) Steven Shotz was hired by Dr. Jackson-Triche in April 2007 and made the mental health clinic's manager in late 2007. (*Id*. ¶¶ 14-15.) At some point in 2008, Dr. Shotz stepped down as clinic manager and stayed on as a mental health practitioner. (*Id*. ¶¶ 17, 27.)

The Mather facility's mental health clinic held a staff meeting on December 3, 2008. (AC ¶ 22.) During the meeting, plaintiffs spoke about "ways the staff could, collectively, move past the very painful tenure and hard feelings created by SHOTZ's time as Clinic

---

[1] Plaintiffs' Equal Pay Act claim was dismissed by stipulation on August 19, 2011. (ECF 17.)

2

Manager." (*Id*. ¶ 23.[2]) A few months later, Dr. Shotz filed an Equal Employment Opportunity ("EEO") complaint against the Mather facility alleging that plaintiffs "had been disrespectful toward him, disparaged him, and encouraged fellow Mather VA Mental Health Clinic staff not to work with him." (*Id*. ¶ 29.) Neither party has indicated what, if any, findings or conclusions were reached by the EEO.

On February 12, 2010, Keenan received a written letter of admonishment. (AC ¶ 35.) Lieb received a one-week suspension from her job without pay. (*Id*.) Parties do not provide copies of the letter or notification of suspension.

III. <u>ANALYSIS</u>

    A.    Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the

---

[2] Where a name is capitalized in excerpts from the complaint, the capitalization appears in the original.

reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

B.   Application

i.   Title VII discrimination

In a Title VII claim: "First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to defendant 'to articulate some legitimate, nondiscriminatory reasons for the employee's rejection.' [] Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 804

4

1  (1973)) (internal quotation omitted).  To establish a prima facie case of discrimination, "the
2  plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position;
3  (3) he was subject to an adverse employment action; and (4) similarly situated individuals
4  outside his protected class were treated more favorably." *Chuang v. Univ. of California Davis*,
5  225 F.3d 1115, 1123 (9th Cir. 2000).

6  Defendant contends that plaintiffs' "allegations do not state any actual facts to
7  support a plausible claim that [plaintiffs] were discriminated against because of their sex and do
8  not put the Secretary on fair notice of the basis for their sex discrimination claims."  (Def.'s
9  Mem. P. & A. at 3.)  Defendant further contends that Keenan does not even allege an adverse
10 employment action taken against her.  (*Id*. at 4.)  Plaintiffs contend that they have adequately
11 pled they belonged to a protected class, were qualified for their positions, were subject to
12 adverse employment actions, and similarly situated individuals outside their protected class were
13 treated more favorably.  (Pls.' Opp'n at 7.)

14 Plaintiffs have failed to state a claim for Title VII discrimination.  Specifically,
15 plaintiffs have failed to plead that similarly situated individuals outside their protected class were
16 treated more favorably.  Plaintiffs allege they "are informed and believe that SHOTZ, a male
17 who is otherwise similarly situated to Plaintiffs in terms of professional credentials and
18 experience, was treated far more favorably than each of them were treated, and was not subjected
19 to any adverse employment actions such as reprimands or suspensions."  (AC ¶ 40.)  However,
20 plaintiffs have not alleged that Dr. Shotz was "similarly situated" to plaintiffs in any relevant
21 way.  "In order to show that the 'employees' allegedly receiving more favorable treatment are
22 similarly situated [] the individuals seeking relief must demonstrate, at the least, that they are
23 similarly situated to those employees in all material respects." *Moran v. Selig*, 447 F.3d 748,
24 755 (9th Cir. 2006).  Plaintiffs do not allege that Dr. Shotz engaged in the same conduct as
25 plaintiffs; specifically, plaintiffs do not allege Shotz made statements at the December 3, 2008
26 staff meeting comparable to the statements made by plaintiffs.  Plaintiffs contend the December

3, 2008 staff meeting was the critical event at which plaintiffs made their so-called "protected statements," which led to Shotz's EEO complaint and plaintiffs' discipline. (*See* Pls.' Opp'n at 3-5.) Moreover, plaintiffs appear uncertain regarding the reasons for Shotz's alleged "favorable treatment": for example, in their opposition, plaintiffs state that Shotz received "more favorable treatment" "due to his alliance with Dr. Jackson Triche" but do not allege that it was because he is male. (Pls.' Opp'n at 8; *see* AC ¶¶ 14-16.)

        ii.      Title VII retaliation

Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this title . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title . . . ." 42 U.S.C. § 2000e-3(a). "A plaintiff may meet his burden of proof for a claim of retaliation under Title VII by showing, by a preponderance of evidence, (1) involvement in protected activity opposing an unlawful employment practice, (2) an adverse employment action, and (3) a causal link between the protected activity and the adverse action." *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006) (citing *Burdine*, 450 U.S. at 252-53). "[A]n employer's [adverse employment action against] an employee can violate the section in either of two ways: (1) if the [adverse employment action] occurs because of the employee's opposition to conduct made an unlawful employment practice by the subchapter, or (2) if it is in retaliation for the employee's participation in the machinery set up by Title VII to enforce its provisions." *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978).

Defendant contends that plaintiffs' "conclusory allegations do not allege a causal link between a specific adverse employment action and a specific Title VII-protected activity." (Def.'s Mem. P. & A. at 4.) Furthermore, defendant maintains that "[n]owhere in the FAC do plaintiffs allege that either plaintiff Keenan's letter of admonishment or plaintiff Lieb's one-week suspension had the effect of dissuading them from making or supporting a charge of

discrimination or deterring them from engaging in protected activity." (*Id.* at 5.) Plaintiffs contend they have pled their engagement in a protected activity and suffered adverse employment actions as a result, and that there was a causal link. (Pls.' Opp'n at 8.)

Plaintiffs have failed to assert a prima facie case of Title VII retaliation. A fundamental and incurable flaw in plaintiffs' claim is that plaintiffs have not alleged they were engaged in a protected activity as that term is defined by Title VII. That is, in order for plaintiffs' Title VII retaliation claim to survive, plaintiffs must have pled that the adverse employment actions were the result of their opposition to unlawful employment practices or participation in Title VII enforcement machinery. Instead, plaintiffs alternately refer to the December 3, 2008 staff meeting and the investigation surrounding Dr. Shotz's EEO complaint as the protected activity in which they engaged. (*See* AC ¶¶ 35, 39.)

While "opposition" is interpreted "broadly," such as by "including the employee's threat to file a charge," *Silver*, 586 F.2d at 141 n.2 (citing EEOC Compliance Manual, 704(a) Discrimination, § 492.1(a) (1975)),[3] plaintiffs do not allege that the statements they made at the staff meeting were in opposition to unlawful employment practices. Rather, plaintiffs are unequivocal that their statements at the staff meeting concerned "patient-related topics ranging from ways to improve mental health care for the veterans to ways the staff could . . . move past the very painful tenure and hard feelings created by SHOTZ's time as Clinic Manager." (AC ¶ 23.)  To plaintiffs' credit, they do not state anywhere that their allegedly protected activity at the staff meeting was protected activity as defined by Title VII, only that it was "protected by the First Amendment to the US Constitution." (*Id.* ¶ 24.) Morever, plaintiffs do not allege with sufficient particularity that their statements as part of the EEO investigation were protected. Plaintiffs make only the conclusory allegation that their statements were protected and that somehow Jackson-Triche and Shotz learned of the protected statements and

---

[3] Any differences between this version of the manual and the current version of the manual are immaterial. *See* EEOC Directive 915.003, § 8-II(B)(2) (May 20, 1998).

7

retaliated against them for it.  (*Id*. ¶ 34.)  This allegation is insufficient to survive a motion to dismiss.  The court need not reach the other two prongs of Title VII retaliation.

          iii.    ADEA

Title 29 U.S.C. § 623(a) makes it unlawful for an employer to discriminate against an employee or prospective employee on the basis of age.

In *Gross v. FBL Financial Services*, 557 U.S. 167, 129 S.Ct. 2343 (2009), the Supreme Court noted it has "never held that [the *McDonnell Douglas*] burden-shifting framework applies to ADEA claims.  And, we decline to do so now."  *Id*. at 2349 & n.2; *see also Reeves*, 530 U.S. at 142.  Nevertheless, the Court in *Gross* did not explicitly reject the burden-shifting analysis in its ultimate conclusion, that a plaintiff in an ADEA case bears the burden of persuasion to demonstrate that age was the "but-for" cause of the adverse action rather than merely a motivating cause.  *Gross*, 129 S.Ct. at 2351.  The Ninth Circuit has not addressed whether *Gross* changes the analysis in ADEA cases.  "[T]he overwhelming number of other Courts of Appeal, who have addressed the issue, have held that *Gross* does not preclude the application of the *McDonnell Douglas* framework to ADEA claims."  *Hill v. The Boeing Co.*, 765 F. Supp. 2d 1208, 1215-16 (C.D. Cal. 2011) (collecting cases).  Thus, plaintiff's burden is to show that she would not have suffered the adverse employment action "but for" her age.  *Id*. at 1217.

Defendant contends that Lieb's ADEA claim must be dismissed because the amended complaint does not allege sufficient facts that her age was the "but-for" cause of her suspension.  (Def.'s Mem. P. & A. at 6.)  Plaintiffs contend the complaint does sufficiently allege that Lieb's age was the "but-for" cause.  (Pls.' Opp'n at 10.)  Plaintiffs further contend they can make out a "mixed-motive" claim (*id.*); however, the court notes that such claims are not authorized by the ADEA.  *Gross*, 129 S.Ct. at 2350.

As discussed, the operative complaint alleges, albeit inadequately, that the disciplinary actions taken against plaintiffs were in retaliation for the so-called protected speech

8

in which they engaged.  Elsewhere, the complaint states: "Plaintiff LIEB is informed and believes and based thereon alleges that were it not for her age (59) and membership in a protected class of workers, Dr. Jackson-Triche would not have suspended her." (AC ¶ 55.) Plaintiffs in their opposition to the present motion contend that Lieb's discipline was more serious than Keenan's due to her age.  (Pls.' Opp'n at 10.)  However, they do not allege this in their complaint; rather, the complaint notes the different forms of discipline each plaintiff received but does not state that this difference was due to their relative ages.  (*See* AC ¶ 35.) Plaintiffs' formulaic recitation of the elements of an ADEA claim does not save this claim.

IV.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED and plaintiffs' complaint is dismissed without prejudice.  Plaintiffs shall have thirty (30) days from the entry of this order to file an amended complaint.

IT IS SO ORDERED.

DATED: February 3, 2012.

_____
UNITED STATES DISTRICT JUDGE